IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 00-10038

Summary Calendar

---

FRANK JOHN STANGEL

                                        Plaintiff-Appellant

versus

JOHNSON & MADIGAN PLLP, formerly Johnson & Madigan; MICHAEL J.
MINENKO

                                        Defendants-Appellees

---

Appeal from the United States District Court
For the Northern District of Texas
USDC No. 3:99-CV-1518-D

---

July 27, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Stangel sued Minenko and Johnson & Madigan, a Minnesota
attorney and law firm, respectively, for legal malpractice, breach
of fiduciary duty, and promissory estoppel.  We AFFIRM the
dismissal of the action for want of personal jurisdiction.

     Where, as here, a court considers a motion to dismiss for lack
of personal jurisdiction without conducting an evidentiary hearing,

---

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the plaintiff must prove a prima facie case of jurisdiction. *See Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990).

Stangel alleged that his claims against Minenko and the law firm were "related to" his bankruptcy proceeding in the Northern District of Texas. The district courts have subject matter jurisdiction over cases that are "related to" bankruptcy proceedings. *See* 28 U.S.C. § 1334(b). The bankruptcy court has jurisdiction over claims that are "related to" a bankruptcy action when those claims could have an effect on the bankruptcy estate. *See In re Canion*, 196 F.3d 579, 581 (5th Cir. 1999). Stangel failed to allege any fact to show that his claims against Minenko could have any conceivable effect on the bankruptcy estate.[1]

Since Stangel failed to make a prima facie showing that the court could have jurisdiction over his claims under § 1334(b), subject matter jurisdiction would accordingly be based on diversity of citizenship. Stangel argues in the alternative that the court had personal jurisdiction over Minenko and the law firm if subject matter jurisdiction arises from diversity of citizenship. Due process requires that the defendant have minimum contacts with the forum state in order for the court to exercise personal jurisdiction over him. *See International Shoe Co. v. Washington*,

---

[1]Stangel argues that the district court erred in failing to take judicial notice of his pending bankruptcy case. However, the court's order denying Stangel's motion to reconsider shows that the court determined that the bankruptcy case was closed.

326 U.S. 310, 316 (1945). Minenko's contacts with Texas are limited to billing communications with Stengel regarding the case undertaken in Minnesota. Communications from a nonresident to a domiciliary regarding the execution of a contract are insufficient to support personal jurisdiction. *See Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996). Minenko's contacts with Stangel in Texas regarding the handling of a property dispute in Minnesota are not the minimum contacts necessary to create personal jurisdiction over the defendants in Texas.

We AFFIRM the district court's dismissal of Stangel's claims, because there is no subject matter jurisdiction under § 1334(b) and no personal jurisdiction over the defendants where subject matter jurisdiction is based on diversity of citizenship.

AFFIRMED.